UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION, not
in its individual capacity but solely as trustee
for the RMAC Trust, Series 2016-CTT

                    Plaintiff,                **MEMORANDUM AND ORDER**
                                                            2:17-cv-2439 (DRH)(AYS)

    – against –

VINCENT GUASTELLA, CHRISTINE
GUASTELLA, CLERK OF THE SUFFOLK
COUNTY DISTRICT COURT, CLERK OF
THE SUFFOLK COUNTY TRAFFIC &
PARKING VIOLATIONS AGENCY,

                    Defendants.

---------------------------------------------------------X

**APPEARANCES**

**GROSS POLOWY LLC**
Attorney for Plaintiff
900 Merchants Concourse
Westbury, NY 11590
By:    Stephen J. Vargas, Esq.

**DUNCAN, FISH & VOGEL, LLP**
Attorneys for Individual Defendants
317 Middle Country Rd., Suite 5
Smithtown, NY 11787
By:    Richard E. Fish, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

       Plaintiff U.S. Bank National Association ("Plaintiff"), as trustee for the RMAC Trust,

Series 2016-CTT, brought this action to foreclose a mortgage against Defendants Vincent and

Christine Guastella ("Individual Defendants"), as well as against the Clerk of the Suffolk County

District Court and the Clerk of the Suffolk County Traffic & Parking Violations Agency (together with the Individual Defendants, "Defendants").  Presently before the Court is the Individual Defendants' motion to dismiss pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1) on the grounds that the Court should abstain from exercising subject matter jurisdiction, and Rule 12(b)(6), as they claim Plaintiff's claims are barred by the statute of limitations.  For the reasons discussed below, the motion to dismiss is denied.

## BACKGROUND

The following relevant facts come from the Complaint, unless otherwise stated, and are assumed true for purposes of this motion.

On or about July 17, 2006, Defendants Vincent Guastella executed a note for a property at 21 Buick Drive, Selden, NY 11784 (the "Property") for $341,100.00, plus interest on the unpaid amount due ("Note").  (Compl. [DE 1] ¶ 13.)  As security for the Note, the Individual Defendants executed a mortgage in the amount of $341,100.00, which was recorded on July 31, 2006 with the Suffolk County Clerk ("Mortgage").  (*Id.* ¶ 14.)

Defendant Christine Guastella has filed a sworn affidavit stating that she and Defendant Vincent Guastella began experiencing financial hardship in 2008 and were unable to make their mortgage payments.  (Christine Guastella Aff. Ex. 1 to Mem. in Supp [DE 19-2] ¶ 5.)  On December 17, 2008, she received an acceleration letter from "an unknown bank, Countrywide Home Loan Servicing ["Countrywide"]," explaining that the full Mortgage would be accelerated if they failed to make the outstanding mortgage payment by January 21, 2009.  (*Id.* ¶ 7.)  Defendant Christine Guastella claims that she reached out to Countrywide Home Loan Servicing to work out a modification, but to no avail.  (*Id.* ¶ 9.)  Thereafter, on April 1, 2009, Countrywide filed a foreclosure suit against the Individual Defendants, which was later withdrawn on March

5, 2013.  (*Id.* ¶ 13.)  Plaintiff does not dispute that Countrywide corresponded with the Individual Defendants regarding accelerating the mortgage, or that Countywide began a foreclosure procedure on April 1, 2009.  (*See* Mem. in Opp. [DE 19-11] at 257–58.)

At some time in the intervening years, the Mortgage was assigned to Nationstar Mortgage LLC, and then to Plaintiff, solely as Trustee for the RMAC Trust, Series 2016-CTT.  (*Id.* ¶ 15.)  Several years later, the Individual Defendants failed to make the payment due on May 1, 2011 in accordance with the terms of the Note and Mortgage.  (*Id.* ¶ 16.)  The Individual Defendants have allegedly failed to make all subsequent payments.  (*Id.*)  There is some unresolved confusion as to when exactly the Individual Defendants stopped making payments and whether they have ever made payments to Plaintiff or any of the interim holders of the Mortgage.  However, for purposes of this Motion to Dismiss, it is immaterial.

Plaintiff claims that it has complied with New York State Real Property Actions and Proceedings Law ("RPAPL") § 1304, regarding notice, and RPAPL § 1306, regarding filing information.  (*Id.* ¶ 19.)  Plaintiff also states that no action has been brought to recover any part of the Mortgage debt, and that "if any such action is pending[,] final judgment for Plaintiff was not rendered and it is the intent of Plaintiff to discontinue it."  (*Id.* ¶ 20.)  The Complaint does not mention the correspondence with Plaintiff about foreclosure and acceleration, or the prior foreclosure action that are at issue on this motion.

Plaintiff commenced the instant action on April 24, 2017.  The Individual Defendants filed the fully briefed motion to dismiss on November 27, 2017.

# LEGAL STANDARD

I. *Motion to Dismiss Pursuant to Rule 12(b)(1)*

A case may properly be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). "In contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a 'plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *MacPherson v. State St. Bank & Trust Co.*, 452 F. Supp. 2d 133, 136 (E.D.N.Y. 2006) (quoting *Reserve Solutions Inc. v. Vernaglia*, 438 F. Supp. 2d 280, 286 (S.D.N.Y. 2006)), *aff'd*, 273 F. App'x 61 (2d Cir. 2008); *accord Tomaino v. United States*, 2010 WL 1005896, at *1 (E.D.N.Y. Mar. 16, 2010). "In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions." *Cunningham v. Bank of New York Mellon, N.A.*, 2015 WL 4101839, * 1 (E.D.N.Y. July 8, 2015) (citing *Morrison v. Nat'l Australia Bank, Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)).

A motion to dismiss based on the abstention doctrine is analyzed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *United States v. Blake*, 942 F. Supp. 2d 285, 292 (E.D.N.Y. 2013); *City of New York v. Milhelm Attea & Bros., Inc.*, 550 F. Supp. 2d 332 (E.D.N.Y. 2008). As such, the Court may consider materials beyond the pleadings to resolve a motion based on the abstention doctrine.

II. *Motion to Dismiss Pursuant to Rule 12(b)(6)*

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief."

*Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

# DISCUSSION

## I. *The Parties' Arguments*

The Individual Defendants argue that Plaintiff's claims are barred by the six-year statute of limitations for a mortgage foreclosure action, which commenced on the date of acceleration. (Mem. in Supp. at 231 (citing NY C.P.L.R. § 213(4)).) That date of acceleration, Individual Defendants aver, occurred when Countrywide mailed the initial letter on December 17, 2008, or alternatively when Countrywide filed the summons and complaint in the prior foreclosure action on April 1, 2009, such that the statute of limitations expired at the latest on April 1, 2015. (Mem. in Supp. at 232.) Plaintiff counters that the six-year statute of limitations has not expired because Countrywide discontinued the prior foreclosure action within the six-year limitations period. (Mem. in Opp. at 258.)

## II. *Statute of Limitations*

### a. Legal Standard

New York C.P.L.R. § 213(4) provides that "an action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein" must be commenced within six years. "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due." *Cortes-Goolcharran v. Rosicki, Rosicki, & Assoc.*, 2018 WL 3748154, at *2 (E.D.N.Y. Aug. 7, 2018) (quoting *Nationstar Mortg., LLC v. Weisblum*, 39 N.Y.S. 3d 491.493 (2d Dep't 2012)) (internal quotation marks omitted). However, "[a]cceleration of a mortgage starts running the six-year statute of limitations as to the entire

debt." *Stewart Title Ins. Co. v. Bank of New York Mellon*, 61 N.Y.S. 3D 634, 638 (2d Dep't 2017).

In order to accelerate a mortgage, the holder must take "some affirmative action[.]" *Wells Fargo Bank, N.A. v. Burke*, 943 N.Y.S. 2d 540, 542 (2d Dep't 2012). Filing a foreclosure action normally constitutes such an affirmative action. *Cortes-Goolcharran*, 2018 WL 3748154, at *2 (citing *Beneficial Homeowner Serv. Corp. v. Tovar*, 55 N.Y.S. 3d 59, 60 (2d Dep't 2017)); *see also Albertina Realty Corp. v. Rosbro Realty Corp.*, 258 N.Y. 472, 476 (1932). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action." *NMNT Realty Corp. v. Knoxville 2012 Tr.*, 58 N.Y.S. 3d 118, 120 (2d Dep't 2017). However, "[d]iscontinuance of a foreclosure action does not necessarily constitute such an affirmative act. Rather it may, as in *NMNT Realty*, 'raise[] a triable issue of fact' as to the intent behind the discontinuance." *Cortes-Goolcharran*, 2018 WL 3748154, at *3 (quoting 58 N.Y.S. 3d at 120). The dismissal of a foreclosure action for failure to effect proper service, on the other hand, clearly does "not constitute an affirmative act by the lender revoking its election to accelerate[.]" *MSMJ Realty, LLC v. DLJ Mortgage Capital, Inc.*, 157 A.D. 3d 885, 998 (2d Dep't 2018).

### b. The Motion to Dismiss for Exceeding the Statute of Limitations is Denied

Here, the Individual Defendants argue that the mortgage was accelerated by the letter dated December 17, 2008, and by the suit commenced on April 1, 2009. Prescinding whether the December 17, 2008 letter itself was sufficient to accelerate the debt, it is clear that the April 1, 2009 foreclosure action was an affirmative act accelerating the debt. For purposes of this Motion to Dismiss, the Court need not determine whether the letter constituted an acceleration. In fact,

the only question is whether Countrywide's discontinuance of the prior action was an affirmative act that terminated the acceleration. As other courts have held, when the Mortgage holder voluntarily dismisses a foreclosure action of its own accord—whether for administrative reasons or otherwise—this "raises a triable issue of fact" as to whether there was an affirmative act to discontinue the acceleration. *See Cortes-Goolcharran*, 2018 WL 3748154, at *3 (quoting *NMNT Realty*, 58 N.Y.S. 3d at 120).

In the case at bar, Countrywide voluntarily dismissed the action. Accordingly, there is a triable issue of fact as to whether Countrywide intended the voluntary dismissal to be an affirmative act discontinuing the acceleration. In reviewing the applicable precedent, the Individual Defendants seem to have overlooked an important distinction between the facts at bar and the facts in *MSMJ Realty*; namely, that the prior foreclosure action in this case was discontinued, whereas the prior foreclosure action in *MSMJ Realty* was dismissed. As there is a triable issue of fact regarding acceleration, the motion to dismiss for exceeding the six-year statute of limitations is denied.

### III. Abstention

#### a. Legal Standard

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 813 (1976). The Second Circuit has characterized the abstention doctrine as "compris[ing] a few extraordinary and narrow exceptions to a federal court's duty to exercise its jurisdiction." *Woodford v. Community Action Agency of Green County, Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (internal quotation marks omitted). One such exception was announced in *Colorado River* wherein the Court announced that "while the [general] rule is that the pendency of an action in the state court is no bar to

proceedings concerning the matter in the Federal court having jurisdiction" a court may abstain in order to conserve federal judicial resources where resolution of the state matter may result in "comprehensive disposition of the litigation." *Colorado River*, 424 U.S. at 817; *see Woodford*, 239 F.3d at 522. However, the foundational requirement of the abstention doctrine is that there is a contemporaneous proceeding in state court. *See Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 117–18 (2d Cir. 1998) (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 734 (9th Cir. 1991) ("The principles of *Colorado River* are to be applied only in situations 'involving the contemporaneous exercise of concurrent jurisdictions'"); *see also Black v. Wrigley*, 2017 WL 4402444, at *6 (E.D.N.Y. Sept. 30, 2017) (quoting the same and finding that as there was no ongoing state proceeding with the same parties, issues, or relief sought, that *Colorado River* abstention was not warranted).

      b. The Motion to Dismiss on Abstention Grounds is Denied

The Individual Defendants ask the Court to abstain from exercising jurisdiction over this matter on the basis that the action was previously litigated in state court. This argument is unavailing as that case is closed. Given that there is no contemporaneous proceeding, abstention is not warranted here. *See id.* Accordingly, the motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, the Individual Defendants' motion to dismiss is denied in its entirety.

**SO ORDERED.**
Dated: Central Islip, New York
       September 11, 2018

                                                  /s/
                                          Denis R. Hurley
                                          Unites States District Judge